Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ALAN THEODORE RIZER Demandante Recurrido v. EDDA GLORIA SUSTACHE PEÑA Y OTROS Demandada Peticionaria | KLCE202301276 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Caso Núm.: BY2022CV02529 (Sala 703) Sobre: Incumplimiento de Contrato y Otros |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

Comparecen los peticionarios del epígrafe a fin de disputar la determinación del Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante la cual denegó la eliminación de una anotación preventiva de demanda emitida en el contexto de una demanda civil pendiente. Denegamos.

El auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito provisto por la Regla 52.1 de *Procedimiento Civil*, y de conformidad a los criterios dispuestos por la Regla 40 del Reglamento del Tribunal de Apelaciones. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten

en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

En este caso, la petición de rectificar el referido rechazo a eliminar la anotación preventiva en cuestión, si fuera oportuna, no encuentra tracción en el argumento que intenta vincularla al hogar seguro, puesto que tal vinculación no queda eslabonada persuasivamente a la luz de los hechos y el derecho pertinente a este caso; menos de forma que conduzca a arribar a la decisión de que el foro recurrido ha incurrido en abuso de su discreción, o que su actuación haya supuesto parcialidad, prejuicio o error manifiesto. Por el contrario, el procedimiento judicial que desvela el expediente coloca la determinación recurrida en el marco y ámbito de la discreción del foro recurrido. En consecuencia, se deniega el auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones